IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHERRIE L. FEDERER and
KARAN NEAL, individually and on
behalf of others similarly situated,

        Plaintiffs,

v.                                        CIVIL ACTION NO.  3:17-0211

GENESIS ELDERCARE REHABILITATION
SERVICES LLC d/b/a
GENESIS REHAB SERVICES,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Dismissal. ECF No. 14. Upon review of the proposed settlement and the Joint Memorandum by the parties, the Court **GRANTS** the motion for the following reasons.

On January 6, 2017, Plaintiffs Sherrie L. Federer and Karan Neal filed this action against Genesis Eldercare Rehabilitation Services, LLC d/b/a Genesis Rehab Services. Both Plaintiffs worked as Licensed Physical Therapist Assistants for Defendant, and they claim Defendant failed to pay overtime wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Plaintiff Federer asserts she is owed three years of overtime wages in the amount of approximately $36,000. Plaintiff Neal claims she is owed three years of overtime wages in the approximate amount of $58,000. Both Plaintiffs also seek interest and attorneys' fees. Under the proposed settlement agreement, Plaintiff Federer agrees to resolve her claim for $20,047.00,

and Plaintiff Neal agrees to settle for $52,225.00. Defendant also agrees to pay $6,000 in attorneys' fees to Plaintiffs' counsel.

Under the FLSA, a court must approve a settlement for fairness before it can be executed by the parties. *Patel v. Barot*, 15 F. Supp.3d 648, 653-54 (E.D. Va. 2014) (citation omitted). Although the Fourth Circuit has not determined what factors a court should consider in approving a settlement under the FSLA, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*[*, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)]." *Kim v. Confidential Studio Inc.*, Civ. Case No. PWG-15-410, 2017 WL 3592455, at *2 (D. Md. Aug. 21, 2017) (internal quotation marks and citations omitted); *accord Patel*, 15 F. Supp.3d at 654 (applying factors from *Lynn's Food Stores*). Under *Lynn's Food Stores*, a court must decide whether a joint settlement of a claim brought by an employee under the FLSA "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

Turning first as to whether there is a bona fide dispute, the FLSA provides that a covered employee must be paid overtime "at a rate not less than one and one-half times the regular rate at which he is employed" if he works longer than forty hours in a week. 29 U.S.C. § 207(a)(1). If the FLSA is violated, an employer "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A court is not required to award liquidated damages, however, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or

omission was not a violation of the [FLSA]." 29 U.S.C. § 260. A claim for unpaid compensation must be made within two years of its accrual, unless there is a willful violation, which extends the deadline to three years. 29 U.S.C. § 255(a). The FLSA further provides that a prevailing employee may be awarded reasonable attorney's fees and costs. 29 U.S.C. § 216(b). However, the FLSA exempts employees from overtime who are working "in a bona fide executive, administrative, or professional capacity" from overtime pay. 29 U.S.C. § 213(a)(1).

Upon looking at the pleadings and the settlement agreement in this case, the Court finds the parties do not dispute that Plaintiffs worked for Defendants, and Plaintiffs claim they were not compensated for overtime pay that was owed to them under the FLSA. Plaintiffs also argue Defendant's actions were willful, which provides them with three years of compensation rather than two. On the other hand, Defendant insists that Plaintiffs are not entitled to overtime and, if they are, the hours claimed are speculative and overstated and subject to the two-year cap. Additionally, Defendant argues Plaintiffs cannot demonstrate they are entitled to liquidated damages. Given these facts and the parties' positions, the Court has no difficulty finding a bona fide dispute exists under the FLSA.

Turning next to whether the settlement is fair and reasonable, the Court evaluates it with respect to:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman v. LBDP, Inc.*, Civ. Act. No. DKC 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (internal quotation marks and citations omitted; brackets and ellipsis in *Saman*).

In this case, Plaintiffs' counsel is experienced in handling wage and hour law cases and employment litigation. The parties agree that the claims were vigorously contested and would have resulted in difficult and complex determinations of the issues, with the potential that Plaintiffs' estimation of their damages would be significantly reduced. In order to avoid considerable litigation fees and expenses, the parties were able to successfully negotiate a settlement following an exchange of their Rule 26(a)(1) disclosures. The parties voluntarily entered into this settlement, which they believe is fair and reasonable, and there is no evidence that either party engaged in fraud or collusion in reaching the settlement. Upon review of these considerations and the terms of the settlement, the Court agrees with the parties and finds the parties agreed to a fair and reasonable settlement.

Finally, the Court turns to the issue of attorneys' fees. The Defendant has agreed to pay $6,000 in attorneys' fees and costs. Plaintiffs' counsel charges an hourly rate of $350.00, and asserts that the $6,000 award is slightly less than the sum of the actual amount of fees and costs due under a "lodestar calculation." Initially, the Court finds $350.00 per hour reasonable in light of counsels' experience in the area of wage and hour law. Although the Court was not provided with the precise amount of Plaintiffs' costs associated with this case, even if the Court considers the entire amount of $6,000 as attorneys' fees, it equates to only about seventeen hours spent on the entire case. Given that counsel drafted and filed a Complaint involving both Plaintiffs, exchanged Rule 26(a)(1) disclosures, engaged in successful settlement negotiations, reviewed the

Settlement Agreement, and participated in the current joint motion and memorandum of law in support of approving the settlement and dismissing the case, while necessarily spending time speaking with their clients on these matters, the Court finds counsel easily likely spent more than seventeen hours on this case, which does not even encompass any reduction for Plaintiffs' costs. The Court also recognizes that $6,000 is only approximately 12% of the $72,272 combined amount being paid to Plaintiffs. Therefore, in light of these facts, the Court finds that $6,000 in fees and costs is very reasonable.

Accordingly, for the foregoing reasons, the Court finds the proposed settlement is a fair and reasonable compromise of bona fide disputes under the FLSA, and **GRANTS** the parties' Joint Motion for Approval of Settlement and Dismissal. ECF No. 14.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 26, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE